KMS ENERGY, INC., Appellant,

v.

TITMAS, Appellee.

[Cite as *KMS Energy, Inc. v. Titmas* (1992), 81 Ohio App.3d 293.]

Court of Appeals of Ohio,
Summit County.

No. 15199.

Decided Feb. 12, 1992.

*H. Alan Rothenbuecher,* for appellant.

*John A. Daily,* for appellee.

CACIOPPO, Judge.

James A. Titmas ("Titmas"), defendant-appellee, is the president and a shareholder of James A. Titmas Associates, Inc. ("Titmas Associates"), a professional corporation. KMS Energy, Inc. ("KMS") was granted a judgment against Titmas Associates for rent due. Titmas Associates and KMS were unable to reach a satisfactory payment schedule. Therefore, KMS brought suit against Titmas individually for the balance owed by Titmas Associates. The trial court granted Titmas' motion for summary judgment. KMS appeals, raising one assignment of error.

### Assignment of Error

"The trial court erred in ruling that defendant-appellee, a shareholder and president of a professional corporation, was not personally liable for his professional corporation's debts."

KMS alleges that Titmas is liable for the debts of Titmas Associates because he is an employee-shareholder of the professional corporation. We do not agree.

Professional corporations are authorized by R.C. 1785.02, which states:

"An individual or group of individuals each of whom is licensed or otherwise legally authorized to render the same kind of professional service within this state, or a group of individuals each of whom is licensed or otherwise authorized to render the professional service within this state authorized under either Chapter 4703. or 4733. of the Revised Code, may organize and become a shareholder, or shareholders, of a professional association. * * *"

This provision for a professional corporation does " * * * not modify any law applicable to the relationship between a person furnishing professional service and a person receiving such service, including liability arising out of such professional service." R.C. 1785.04.

Therefore, the Ohio Constitution's mandate that " * * * in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her * * *" still applies to professional corporations. Section 3, Article XIII, Ohio Constitution.

▪ Appellant relies on *South High Development, Ltd. v. Weiner, Lippe & Cromley Co., L.P.A.* (1983), 4 Ohio St.3d 1, 4 OBR 1, 445 N.E.2d 1106, to support his argument that Titmas should be personally liable. In *South High*, the specific issue before the court was whether:

"* * * Section 4, Rule III of the Supreme Court Rules for the Government of the Bar of Ohio imposes personal liability upon the individual shareholders of a legal professional association for the debts of the association. We hold that such rule does so impose personal liability upon the individual members of a legal professional association * * *." *Id.* at 1–2, 4 OBR at 1–2, 445 N.E.2d at 1107.

The court emphasized the importance of Gov.Bar R. III(4) in concluding that individual members of a legal professional association are personally liable for the association's debts. Although the court generally discussed professional corporations, and their attributes, the language of the court's opinion limits its application to attorney liability as a member of a legal professional association.

Appellant also asserts that R.C. 1785.01 *et seq.* does not grant limited liability to a shareholder in a professional corporation. We do not agree. R.C. 1785.02 provides for incorporation by professionals. As already indicated, Section 3, Article XIII, Ohio Constitution, provides for limited liability of shareholders in a corporation. The only area in which the General Assembly changed this limited liability rule was in the furnishing of professional services. In this area alone, the legislature chose not to allow limited liability. R.C. 1785.04. If the General Assembly intended a broader application, it would have so indicated. We will not broaden a shareholder's liability where the legislature did not so intend. While the statutes do not expressly grant limited liability to a shareholder of a professional corporation, a fair reading indicates that the General Assembly intended limited liability, as with all other corporations, with the single exception that there be no limited liability for the furnishing of professional services. See *O'Neill v. United States* (C.A.6, 1969), 410 F.2d 888.

■ Pursuant to Civ.R. 56(C), before summary judgment may be granted, there must be no genuine issue as to any material fact; the moving party must be entitled to judgment as a matter of law; and, viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. In the case at bar, there was no issue as to the material facts, appellee, the moving party, was entitled to judgment as a matter of law, and reasonable minds could only conclude that appellant could not prevail. The trial court did not err by granting summary judgment in favor of appellee.

The assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.